**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Secretary of the U.S. Department of Housing and Urban Development,<br><br>Plaintiff,<br><br>-v-<br><br>Suffolk County Public Administrator *et al.*,<br><br>Defendants. | 2:25-cv-04385 (NJC) (AYS) |

## ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On August 6, 2025, the Secretary of the U.S. Department of Housing and Urban Development ("Plaintiff") commenced this foreclosure action relating to property known as 739 Michigan Avenue, Bellport, New York ("the Subject Property") against Defendants Suffolk County Public Administrator, as Administrator of the Estate of Solomon Beckford, the New York State Department of Taxation and Finance, Pedro and Brittany Rivera, John Doe #1-5, and Jane Doe #1-5. (Compl., ECF No. 1.) On October 2, 2025, Plaintiff filed a Motion for Default Judgment ("Motion") against Defendants. (Mot., ECF No. 20.) On April 13, 2026, Magistrate Judge Anne Y. Shields issued a Report and Recommendation (the "R&R") recommending that Plaintiff's Motion for Default Judgment be granted in its entirety and an award to Plaintiff of the following:

(1) $130,219.03 for the unpaid principal balance due under the terms of the First Note relating to the Subject Property;

(2) $138,496.09 in accrued interest through September 25, 2025;

(3) $11,891.03 in mortgage insurance premium payments;

(4) $5,910.00 in service charges;

(5) per diem pre-judgment interest at the First Note's rate of 5.560 percent annual interest rate applied to the $130,219.03 outstanding principal balance from September 26, 2025 through the date judgment is entered;

(6) post-judgment interest pursuant to 28 U.S.C. § 1961(b); and

(7) $1,345.89 in costs.

(Order, ECF No. 21.) The R&R further recommends that the Court enter a judgment of foreclosure and sale, and that Ann Ball, Esq., be appointed referee to conduct the foreclosure sale of the Subject Property for a fee of $750.00, which will be deducted from the sale proceeds. (*Id.*) Finally, this R&R recommends that the action be dismissed against John Doe #1-5 and Jane Doe #1-5 pursuant to Rules 12(f), 15(a), and 41(a)(1) of the Federal Rules of Civil Procedure, and that the caption be amended to reflect that dismissal. (*Id.*)

A copy of the R&R was filed electronically on April 13, 2026. (*Id.* at 14.) On April 15, 2026, Plaintiff's counsel filed a sworn affidavit attesting that on April 14, 2026, he served Defendants by mailing a copy of the R&R by First Class Mail of the United States Postal Service and by overnight mail through Federal Express on April 13, 2026. (*See* ECF No. 22.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of the filing of the R&R, *i.e.*, by April 28, 2026. However, because the R&R was mailed on April 14, 2026, the deadline to object was May 2, 2026. Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); *see also Murphy*

2

*v. Murphy*, No. 20-cv-02388, 2023 WL 2795977, at *1 (E.D.N.Y. Apr. 5, 2023) (setting out these rules for calculating the deadline to object to an R&R). The date for filing any objections has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Because a motion for default judgment is dispositive and because no party has filed timely objections to the R&R, I review the R&R for clear error.

I adopt the R&R in full with the following modifications. Although not explicitly addressed in the R&R, Plaintiff has complied with the procedural requirements for securing a default judgment and this Court has jurisdiction over this action.

First, with respect to compliance with procedural requirements, the Motion complies with E.D.N.Y. Local Rules 7.1(a)(1)–(3) and Local Rule 55.2(a)(2) because Plaintiff included a notice of the motion (ECF No. 20), a memorandum of law in support (ECF No. 20-2), as well as supporting evidence and affidavits (ECF Nos. 20:1–18). *See* E.D.N.Y. Local Rule 55.2(a)(2) (requiring compliance with Local Rule 7.1). Additionally, as noted in the R&R, the Motion meets the requirements of Local Rule 55.2(a)(1) because Plaintiff properly filed a declaration affirming that certificates of default were entered against all Defendants (ECF No. 20-16) and filed an affidavit swearing that "none of the Defendants are infant, incompetent, or in military service" (ECF No. 20-1 ¶ 8). Furthermore, by filing an affidavit demonstrating service of the

3

required documents on Defendants via first class mail (ECF No. 22), Plaintiff also fulfilled the requirements of Local Rule 55.2(a)(3). Finally, Plaintiff's affidavit of damages (ECF No. 20-1) complied with the requirements of Local Rule 55.2(c) to provide the bases for all damages sought. Thus, the Motion meets all procedural requirements.

Second, having reviewed the motion papers, the applicable law, and the R&R, I find that this Court has original jurisdiction over this action under 28 U.S.C. § 1345 because Plaintiff is an officer of the Department of Housing and Urban Development and is expressly authorized by 12 U.S.C. § 1702 to bring suit in federal court.

Furthermore, I adopt the R&R's recommendation to grant the Motion for Default Judgment and award Plaintiff the following relief:

(1) $130,219.03 for the unpaid principal balance due under the First Note;

(2) $138,496.09 in accrued interest through September 25, 2025;

(3) $11,891.03 in mortgage insurance premium payments;

(4) $5,910.00 in service charges;

(5) per diem pre-judgment interest at the First Note's rate of 5.560 percent annual interest rate applied to the $130,219.03 outstanding principal balance from September 26, 2025 through the date judgment is entered;

(6) post-judgment interest pursuant to 28 U.S.C. § 1961(b); and

(7) $1,345.89 in costs.

I further order the Clerk of Court to enter a judgment of foreclosure and sale, and appoint Ann Ball, Esq. to serve as a referee to conduct the foreclosure sale of the Subject Property for a $750.00 fee that will be deducted from the sale proceeds. Finally, I dismiss the action against

John Doe #1-5 and Jane Doe #1-5 and order the Clerk of Court to amend the caption of this action to reflect that dismissal.

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 20) is GRANTED in its entirety.

Dated: Central Islip, New York
July 6, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
THE SECRETARY OF THE U.S.
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, an agency
of the UNITED STATES OF AMERICA,

                                        Plaintiff,

                -against-

Suffolk County Public Administrator, as
Administrator of the Estate of Solomon
Beckford aka Solomon M. Beckford,
deceased; New York State Department of
Taxation and Finance; Pedro Rivera,
Brittany Rivera, "JOHN DOE #1-5"
and "JANE DOE #1-5", said names
being fictious, it being the intention of
plaintiff to designate any and all occupants,
tenants, persons or corporations, if any,
having or claiming an interest in lien upon
the premises being foreclosed herein,

                              Defendants.
----------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 25–4385 (NJC)(AYS)

**SHIELDS, Magistrate Judge,**

       Plaintiff The Secretary of the United States Department of Housing and Urban Development, an agency of the United States of America ("HUD" of Plaintiff") commenced this action on August 6, 2025 to foreclose on a mortgage encumbering the property known as 739 Michigan Avenue, Bellport, NY 11713 ("739 Michigan"). (See generally Complaint ("Compl."), Docket Entry ("DE") [1].) The defendants in this action comprise Suffolk County Public Administrator, as Administrator of the Estate of Solomon Beckford aka Solomon M. Beckford, deceased ("Beckford"), New York State of Taxation and Finance, Pedro Rivera, Brittany Rivera, "John Does #1-5" and "Jane Does #1-5", said names being fictious, any and all occupants,

1

tenants, persons or corporations, if any, having or claiming an interest in lien upon the premised being foreclosed herein (collectively "Defendants" and each a "Defendant").

Presently before this Court, upon referral from the Honorable Nusrat J. Choudhury, (see Order Referring Motion dated 10/06/2025), is Plaintiff's motion for entry of a default judgment of foreclosure and sale. (See Motion for Def. J, DE [20].) For the reasons below, this Court respectfully recommends that Plaintiff's motion be granted in its entirety.

## BACKGROUND

I.    Facts

A.    The Complaint

The following facts are taken from the Complaint, the instant Motion, and the attached affidavits and exhibits. Plaintiff brought this action seeking to foreclose on a home equity conversion mortgage ("HECM"), also known as a reverse mortgage, encumbering 739 Michigan. (See Compl. ¶¶ 1–10.) On or about April 22, 2009, Solomon Beckford aka Solomon M. Beckford executed a fixed rate note (the "First Note"), listing as collateral a mortgage in the amount of $150,000 (the "Mortgage"), which was later assigned to HUD. (Id. ¶¶ 8, 14-15.) Beckford also executed and delivered a second note and collateral mortgage (the "Second Note" and "Collateral Mortgage," respectively) to HUD, with the Collateral Mortgage serving as additional security for the reverse mortgage. (Id. ¶¶ 11–13.) In 2019, Beckford passed away, which, under the terms of the First and Second Notes, permitted HUD to require immediate payment in full of the principal and accrued interest. (Id. ¶¶ 17–22.)

On July 22, 2025, a state surrogate court appointed Suffolk County as administrator of Beckford's estate for the limited purpose of accepting service of process in this action. (Id. ¶¶ 26–28; id. Ex. F.) More than 90 days before commencing this action on August 6, 2025, HUD

2

individually delivered, by first class and certified mail, notices required by Section 1304 of New York Real Property Actions and Proceedings Law ("RPAPL") to Pedro Rivera and Brittany Rivera. (Compl. ¶ 32; id. Ex. G (certified mail receipt stamped April 16, 2025).)

From September 15, 2025, until September 19, 2025, HUD requested certificates of default against all Defendants in this action on the basis that each Defendant, although duly served, had failed to plead or otherwise defend. (DE [11]-[12], [14]-[15] & [17].) The Clerk of Court subsequently entered certificates of default as to each Defendant. (DE [13], [16], [18]-[19].)

HUD now moves for a default judgment of foreclosure and sale in its favor. (See DE [20], [20-1] ("Collins Affidavit" or "Collins Aff.") ¶ 37; DE [20-4] ("Proposed Judgment"), at 2–5.) HUD seeks a judgment of $130,219.03 in principal, $138,496.09 in accrued interest as of September 25, 2025, $11,891.03 in mortgage insurance, $5,910.00 in service charges, and $1,345.89 in costs (for a total of $286,516.15 and $1,345.89 in costs), and seeks an order that the property at 739 Michigan be sold in accordance with RPAPL, with the proceeds of such sale being used to, among other things, satisfy HUD's judgment. (Proposed Judgment at 2–3.) Plaintiff does not seek attorneys' fees or a deficiency judgment. (See Collins Aff. ¶¶ 35–36.)

## LEGAL STANDARDS

### I.     Default Judgement

Under Federal Rule of Civil Procedure ("Rule") 55, a party defaults when he or she "has failed to plead or otherwise defend" a pending action. Fed. R. Civ. P. 55(a); accord Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013). Entry of default against a defendant does not, however, automatically entitle a plaintiff to an entry of a default judgment. Bricklayers and Allied Craftworkers Local 2 Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d

182, 187 (2d Cir. 2015). Rather, the court may enter a default judgment on a plaintiff's motion "if liability is established as a matter of law when the factual allegations of the complaint are taken as true." Id. (citing City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011)).

"[A] default is an admission of all well-pleaded allegations against the defaulting party." SEC v. Amerindo Inv. Advisors, 639 F. App'x 752, 754 (2d Cir. 2016) (quoting Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)). The Court must therefore "accept as true the well-pleaded allegations in the complaint," except those relating to damages. Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc., No. 10-cv-322(SJ)(ALC), 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (citing Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 154–55 (2d Cir. 1999)), report and recommendation adopted, 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011). The non-defaulting party is "entitled to all reasonable inferences from the evidence offered." See Mun. Credit Union v. Queens Auto Mall, Inc., 126 F. Supp. 3d 290, 295 (E.D.N.Y. 2015) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

Although a defendant's default is deemed to constitute an admission of well-pleaded allegations with respect to liability, "it is not considered an admission of damages." Bricklayers, 779 F.3d at 189 (quoting Cement Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). A court may conduct hearings or make referrals on a motion for default judgment, see Fed. R. Civ. P. 55(b)(2)(A)–(D), or it may rely on the movant's submissions if the court deems them sufficient to determine damages. *See* Bricklayers, 779 F.3d at 189 (relying on submissions by plaintiffs instead of holding hearing to reach damages determination); see also E. Sav. Bank, FSB v. Beach, No. 13-cv-0341(JS), 2014 WL 923151, at *9 (E.D.N.Y. Mar. 10, 2014) ("In determining damages not susceptible to simple

4

mathematical calculations, [Rule 55(b)(2)] gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient." (citing Cement Workers, 699 F.3d at 234)).

2.    Foreclosure

"A plaintiff is entitled to foreclosure ... if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." CIT Bank v. Paganos, No. 14-cv-3986(CBA), 2016 WL 3945343, at *1 (E.D.N.Y. July 19, 2016) (first citing Beach, 2014 WL 923151, at *15; and then citing United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)). "Once [the] plaintiff has established its prima facie case by presenting the note, mortgage, and proof of default, the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor." United Cent. Bank v. v. Shree Ganesh Properties, LLC, 2012 WL 5992803, at *2 (S.D.N.Y. Nov. 7, 2012) (citing Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs., 139 F. Supp. 2d 462, 465–66 (S.D.N.Y. 2001)).

DISCUSSION

I.    Liability

Plaintiff has established liability by providing the First Note, the Mortgage, the Second Note, the Collateral Mortgage, and establishing by its well-pleaded allegations, which must be taken as true in light of Defendants' default, that Plaintiff is entitled to foreclose according to the terms of those instruments.

Each Defendant has failed to answer or otherwise defend this action despite being duly served with process, as established by sworn declarations. (See DE Nos. [12], [14], [15], & [17] (requests for certificates of default, each attaching a sworn declaration).) The Defendants are not infants, incompetents, or in military service. (Collins Aff. ¶ 16.) Plaintiff has thus complied with

5

Local Rules 55.1(a) and 55.2(a), and certificates of default were properly entered as to each Defendant. (See DE Nos. [13], [16], [18]. & [19] (certificates of default).)

In light of Defendants' default, the Court will "accept as true the well-pleaded allegations in the complaint," except those relating to damages, City Tile, Inc., 2011 WL 917600, at *2 (citing Alcantara, 183 F.3d at 154–55)), construed in favor of Plaintiff, see Mun. Credit Union, 126 F. Supp. 3d at 295 (citing Au Bon Pain Corp., 653 F.2d at 65). Under New York law, a plaintiff seeking to foreclose a mortgage that it did not originate must show evidence of "(1) the mortgage assignment, (2) the mortgage, (3) the note, and (4) the mortgage default." ARCPE Holding, LLC v. 9Q4U5E LLC, No. 19-cv-6417(DLI)(RER), 2021 WL 8316275, at *3 (E.D.N.Y. Aug. 11, 2021) (citations omitted), report and recommendation adopted, Text Order (E.D.N.Y. Sept. 7, 2021); see also United Cent. Bank, 2012 WL 5992803, at *2; HUD v. Nassau Cnty. Pub. Admin. ex rel. Estate of Key, No. 19-cv-3547(DLI)(SJB), 2023 WL 2421676, at * 3 (E.D.N.Y. Feb. 9, 2023) ("In a mortgage foreclosure action under New York law, the lender must prove the existence of an obligation secured by a mortgage, and a default on that obligation." (alteration adopted; internal quotation marks omitted; citations omitted)), report and recommendation adopted, Text Order (E.D.N.Y. Mar. 8, 2023).

Applying these standards, the Court concludes that the well-pleaded allegations in the Complaint establish every element required to foreclose the Mortgage. Plaintiff has shown both the existence and assignment of the First Note and Mortgage. (Compl. ¶¶ 8–9, 14–16 (allegations concerning Mortgage and assignment); id. Ex. B (copy of Mortgage and First Note); id. Ex. D (copy of Mortgage assignment).) Plaintiff has also shown the existence of the Second Note and Collateral Mortgage, to which it was the original counterparty to Beckford. (See Compl. ¶ 11 (allegations concerning the Collateral Mortgage and Second Note); id. Ex. C (copy of Collateral

6

Mortgage and Second Note).) Finally, Plaintiff has shown mortgage default. Beckford passed away on April 14, 2019. (See Compl. ¶ 18; id. Ex. A (certificate of death for Beckford.)). The death of Beckford provides grounds for acceleration of the debt and the right to foreclose under the terms of the First Note and Mortgage (see Compl. ¶¶ 17, 21–22; Mot. Ex. B, First Note ¶ 6(A) (noting lender may require immediate payment upon death of borrowers); id. Ex. B, Mortgage ¶¶ 9, 20 (describing foreclosure procedure and noting grounds for foreclosure include death of borrowers)), as well as under the terms of the Second Note and Collateral Mortgage (see Mot. Ex. C, Second Note ¶ 6(A) (noting lender may require immediate payment upon death of borrowers); id. Ex. C, Collateral Mortgage ¶¶ 9, 20 (describing foreclosure procedure and noting grounds for foreclosure include death of borrowers)). Moreover, non-occupancy provides a separate basis to foreclose. (See Compl. ¶ 22; Mot. Ex. B, First Note ¶ 6; id. Ex. B, Mortgage ¶¶ 9, 20; id. Ex. C, Second Note ¶ 6; id. Ex. C, Collateral Mortgage ¶¶ 9, 20.) A property inspection at 739 Michigan revealed that the mortgaged premises is occupied by Pedro Rivera and Brittany Rivera. (Compl. ¶ 20; Mot. DE [5] at ¶¶ 31-32; Mot. Ex. G, affidavit of attempted service).)

Thus, Plaintiff has shown liability.

II.     Damages and Remedies

Plaintiff has also submitted sufficient evidence to establish its entitlement to monetary damages that will be satisfied through the sale of 739 Michigan.

Although "a party's default is deemed to constitute a concession of all well-pleaded allegations of liability," it does not amount to "an admission of damages." Ramgoolie v. Ramgoolie, No. 22-1409, 2024 WL 4429420, at *3 (2d Cir. Oct. 7, 2024) (alteration adopted) (citation omitted). Instead, courts must "ascertain the amount of damages with reasonable certainty, supported by an 'evidentiary basis' such as detailed affidavits and documentary

7

evidence." Id. (citations omitted) (quoting Alcantara, 183 F.3d at 155; Cement Workers, 699 F.3d at 234); see also Sette-Hughes v. Sprauve, 663 F. App'x 10, 11 (2d Cir. 2016) ("To determine damages in the default judgment context, a district court may conduct a hearing or rely on evidence provided by the plaintiff." (citing Bricklayers, 779 F.3d at 189)); House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010) ("a hearing is not necessary when the district court relies 'upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record' to calculate a damage award" (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993))); id. at 207–08 (noting that sufficiency of evidence to support damages should be based on "an assessment of [the evidence's] quality and relevance to the issue at hand").

Here, Plaintiff seeks a judgment of foreclosure and sale to satisfy "the entire sum under the [First] Note to be due and payable." (Mem. ¶ 33.) This sum, Plaintiff contends, amounted on September 25, 2025 to $286,516.15, comprising $130,219.03 in principal, $138,496.09 in accrued interest as of that date, $11,891.03 in mortgage insurance premium payments, and $5,910.00 in service charges. (See Collins Aff. ¶ 28; Proposed Judgment at 2.) Plaintiff writes that the $130,219.03 in principal is the result of the lender advancing "charges and fees, such as for assessments, taxes or lien secured payments in the nature of taxes, unpaid by the borrower, in accordance with 'reverse mortgage' [sic] nature of the HECM program"; that the $138,496.09 in interest is the result of interest accruing "at a rate of 5.560% per annum"; that the $11,891.03 in mortgage insurance premium payments is the result of an application of 24 C.F.R. §§ 206.105 and 206.27(7) and 206.103 et seq. and provisions of the "HUD Handbook," which result in a monthly premium rate of "5.560% of the balance" after an initial premium amount of $2,000.00

8

"was applied to the account at closing."; and $5,910.00 in service charges as the set forth in provisions of the "HUD Handbook "4330.1 (13-15). (Collins Aff. ¶¶ 28-30.)

Plaintiff avers [i]nterest is calculated monthly, and accrued interest is capitalized at the end of each month in accordance with the Note terms. (Collins Aff. ¶ 29.) This claim is supported by the terms of the Notes. (See Mot. Ex. B, First Note ¶ 2; id. Ex. C, Second Note ¶ 2.) Interest accrues at a rate of 5.560%. (See Collins Aff. ¶28; Mot. Ex. B, First Note ¶ 2; id. Ex. C, Second Note ¶ 2.) Plaintiff seeks the $138,496.09 in interest through September 25, 2025, along with interest at the same rate until judgment is entered. (See Proposed Judgment at 3.)

Plaintiff seeks to obtain these sums by the foreclosure and sale of 739 Michigan, to be conducted by a master appointed by the Court. (See Proposed Judgment at 2.) Plaintiff seeks these sums along with interest at the same rate until judgment is entered, as well as post-judgment interest pursuant to 28 U.S.C. § 1961(b). (See Proposed Judgment at 3.) As noted above, Plaintiff does not seek attorneys' fees or a deficiency judgment against any Defendant. (See Collins Aff. ¶¶ 35-36; Mem. ¶¶ 42-43.)

As noted above, Plaintiff has submitted an affidavit of William Collins in support of its motion. Mr. Collins is the director of the Servicing and Loss Mitigation Division of Single Family Asset Management at HUD, and he is familiar with the facts and circumstances described in his affidavit based on his personal knowledge and review of HUD's records, which would be admissible under the rules of evidence. (See Collins Aff. ¶ 1 (noting Mr. Collins's "review and examination of the records maintained by Plaintiff in the regular course of business" that "were made at or near the time of the events described therein" by "a person with knowledge of the events described therein"; "kept in the ordinary course of the regularly conducted business activity"; and that "it is the regular practice of [HUD] to make and keep such business

records".)); Fed. R. Evid. 803(6) (exception to rule against hearsay for records of a regularly

conducted business activity); see also Fed. R. Evid. 803(8)(A)(ii) (exception to rule against

hearsay for records of a public office setting out a matter observed while under a legal duty to

report). Mr. Collins's affidavit shows the specific amounts owed as of September 25, 2025,

including $130,219.03 in principal, $138,496.09 in accrued interest as of that date, service

charges of $5,910.99, and a mortgage insurance premium of $11,891.03. (Collins Aff. ¶ 28.)

The Court finds that Plaintiff is entitled to the above amounts under the terms of the

Notes and Mortgages, which shall be satisfied through foreclosure sale of 739 Michigan. See,

e.g., Wilmington PT Corp. v. Bonilla, No. 19-cv-2684(DLI)(ST), 2021 WL 7908030, at *6

(E.D.N.Y. Aug. 19, 2021) ("Plaintiff has established its right to foreclose on the Property due to

Borrowers' default on the Mortgage and Note. Accordingly, this Court respectfully recommends

that the Property be foreclosed and sold and that the proceeds be applied to the total amount

owed on the Note."), report and recommendation adopted, Text Order (E.D.N.Y. Sept. 8, 2021).

Plaintiff also requests that the Court award $1,345.89 in costs, reflecting the expenditure

of $226.58 for the filing of the notice of pendency, $648.81 for conducting a title search, and

$470.50 for service of process. (See ECF DE [20-3] (bill of costs).) "A plaintiff in a foreclosure

action may recover ... costs against a borrower-defendant if the note or mortgage provides for

such an award." U.S. Bank Nat'l Ass'n v. Swezey, No. 20-cv-91(FB)(RLM), 2022 WL 1422841,

at *10 (E.D.N.Y. Mar. 24, 2022) (citation omitted), report and recommendation adopted, 2022

WL 2390989 (E.D.N.Y. July 1, 2022). Here, the Notes and Mortgages provide for the recovery

of costs. (Mot. Ex. B, First Note ¶ 6(C) ("the debt enforced through sale of the Property may

include costs and expenses ... associated with enforcement of this Note"); id. Ex. C, Second Note

¶ 6(C) ("the debt enforced through sale of the Property may include costs and expenses ... for

enforcement of this Note to the extent not prohibited by applicable law"); id. Ex. B, Mortgage ¶ 20 ("Lender will have the right to collect all costs and disbursements . … allowed by applicable law."); id. Ex. C, Collateral Mortgage ¶ 20 (same).) The Court finds that the costs sought by Plaintiff are documented and reasonable, and therefore awards the requested amounts for the filing of the notice of pendency, conducting a title search, and service of process, totaling $1,345.89. See, e.g., E. Sav. Bank, FSB v. Whyte, No. 13-cv-6111(CBA)(LB), 2015 WL 790036, at *9 (E.D.N.Y. Feb. 24, 2015) (awarding $3,205.59 in fees associated with litigating foreclosure action (citation omitted)); Blue Castle (Cayman) Ltd. v. Astudillo, No. 23-cv-3851(LDH)(PK), 2024 WL 3813309, at *8 (E.D.N.Y. July 26, 2024) (awarding $3,325.00 (citations omitted)), report and recommendation adopted, Text Order (E.D.N.Y. Sept. 27, 2024).

Plaintiff also requests that the Court appoint Ann Ball, Esq., to conduct the foreclosure sale of 739 Michigan for a fee of $750.00, to be deducted from the proceeds of the sale. (Mem. ¶ 44; Proposed Judgment at 2.) "Courts routinely appoint referees to effectuate the sale of foreclosed properties." HUD v. Rhodie ex rel. Lornice Rhodie Revocable Living Tr., No. 21-cv-3165(KAM), 2022 WL 3213048, at *5 (E.D.N.Y. Aug. 9, 2022) (quoting Winward Bora, LLC v. Castiglione, No. 17-cv-1766(LDH)(ST), 2019 WL 2435670, at *5 (E.D.N.Y. Jan. 10, 2019), report and recommendation adopted, Text Order (E.D.N.Y. Mar. 8, 2019)). Accordingly, the Court recommends the appointment of Ann Ball, Esq., to conduct the foreclosure sale and finds that the requested fee of $750.00 is reasonable. See, e.g., Winward Bora, LLC v. Brown, 2022 WL 875100, at *6 (E.D.N.Y. Mar. 24, 2022) (approving $750.00 fee (citations omitted)).

The Court further recommends that Plaintiff's request to deduct from the proceeds of the sale the other expenses of conducting the sale, such as advertising costs, as well as "taxes, assessments, sewer rents, water rates[,] and any charges placed upon the property by a city

agency which have priority over the foreclosed mortgage " be granted. (Proposed Judgment at 3.) See, e.g., Winward Bora, LLC, 2022 WL 875100, at *6 (approving such expenses (citations omitted)).

The Court also recommends that Plaintiff's request for post-judgment interest pursuant to 28 U.S.C. § 1961(b) (Proposed Judgment at 3), which is mandatory in civil cases as of the date judgment is entered, be granted. See, e.g., Rhodie, 2022 WL 3213048, at *5.

A hearing is unnecessary where the record contains a detailed affidavit and documentary evidence permitting the Court to evaluate the proposed sum and determine an award of damages. See Tamarin, 13 F.3d at 54; Cement Workers, 699 F.3d at 234–35 (affirming district court's decision to award damages without a hearing on the basis of submitted affidavit detailing damages calculations). The Court finds that the current record contains "detailed affidavits and documentary evidence," House, 359 F. App'x at 207 (quoting Tamarin, 13 F.3d at 54); Ramgoolie, 2024 WL 4429420, at *3 (quoting Cement Workers, 699 F.3d at 234), including an affidavit from a knowledgeable affiant, Mr. Collins, based on Mr. Collins's review of HUD's admissible records that support the proposed sum and permit the Court to determine an award of damages without a hearing. See, e.g., Beach, 2014 WL 923151, at *9–15 (awarding damages and fees without evidentiary hearing because affidavit based on records kept in the regular course of business permitted Court to evaluate proposed damages).

III.    Amend The Caption

Plaintiff requests that the Court amend the caption and dismiss the action against "JOHN DOE #1-5" and "JANE DOE #1-5". The Court grants Plaintiff's request to amend the caption to remove the John and Jane Doe defendants and to dismiss them from this action. (See DE [2] at 1.) Whether such relief is sought pursuant to Federal Rule of Civil Procedure 12(f), 15(a), or

41(a)(1), "such relief is routinely granted in foreclosure actions." U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC, No. 13-cv-1598(DLI)(SIL), 2017 WL 4480869, at *6 (E.D.N.Y. Sept. 30, 2017) (citation omitted) (modifying caption to strike fictitious defendants); see also Secured Asset Mgmt., LLC v. Congregation Beth Joseph Zwi Dushinsky, No. 17-cv-5588(DLI)(CLP), 2019 WL 4861411, at *10 (E.D.N.Y. Sept. 30, 2019) (same). Thus, this Court respectfully recommends that the action be dismissed against "JOHN DOE #1-5" and "JANE DOE #1-5" and the caption be amended to reflect such.

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment, found at docket entry No. 20 herein, be granted in its entirety and that Plaintiff be awarded: (1) $130,219.03 for the unpaid principal balance due under the Note; (2) $138,496.09 in accrued interest through September 25, 2025; (3) $11,891.03 in mortgage insurance premium payments; (4) $5,910.00 in service charges; (5) per diem pre-judgment interest at the Note's rate of 5.560 percent annual interest rate applied to the $130,219.03 outstanding principal balance from September 26, 2025 through the date judgment is entered; (6) post-judgment interest pursuant to 28 U.S.C. § 1961(a); and (7) $1,345.89 in costs. The Court further recommends that the court enter a judgment of foreclosure and sale, and that Ann Ball, Esq., be appointed referee to conduct the foreclosure sale of 739 Michigan for a fee of $750.00, to be deducted from the proceeds of the sale. Finally, this Court recommends that the action be dismissed against "JOHN DOE #1-5" and "JANE DOE #1-5" and the caption be amended to reflect such.

13

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Further, Plaintiff's counsel is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known addresses and to file proof of service on ECF by April 15, 2026. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
April 13, 2026

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge

14